IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANICETO BETANCOURT IV, ) | |
| ) | Case No. CV-06-427-S-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| OWYHEE COUNTY; DEPUTY ) | |
| McCORMICK; DEPUTY KINGSTON; ) | |
| DEPUTY MELENDEZ; DEE ) | |
| HARTMAN, Jail Commander; ) | |
| JOHN DOE a/k./a "NACHO', Deputy; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Court previously dismissed this case without prejudice for Plaintiff's failure to follow the Order issued by the United States Magistrate Judge in this case to file a new in forma pauperis application or pay the filing fee by May 31, 2007. *See* Docket No. 21. The Court notes that several motions were filed in between the time the Order of Dismissal in this case was sent to the Clerk's office for processing and the date of the Order.  The Court now addresses Plaintiff's Motion for Recusal of Judge (Docket No. 25) and Motion for Appointment of Counsel (Docket No. 27).

**MOTION FOR RECUSAL**

In his Motion for Recusal, Plaintiff alleges that the Court has severe bias and prejudice toward him, exhibited by the Court's dismissal of several other of Plaintiff's

**ORDER  1**

related cases.  Plaintiff alleges that the Court has thereby violated his due process and compulsory process rights.  After Defendants pointed out in their Response to the Motion for Recusal that a judge's adverse rulings in other cases are not a proper basis for recusal in the current case, *see Clemens v. United States District Court for the Central District of California*, 428 F.3d 1175, 1178-79 (9th Cir. 2005), Plaintiff filed a reply stating that, in addition to the foregoing reasons, the Court "has connections and personal relations to Owyhee County that give him bias and prejudice towards the Plaintiff" (Docket No. 28).

Title 28 U.S.C. § 455(a) and case law interpreting that statute provide the standards for disqualification and recusal of federal court judges.  Section 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his

**ORDER  2**

>spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>(ii) Is acting as a lawyer in the proceeding;
>
>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

As noted by Defendants, disqualification is not required where a party challenges the Court's impartiality based upon its rulings. Such alleged errors are "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004). The only exception is where the Court's substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible." *Id.* (internal citation and punctuation omitted).

The Court has reviewed the Motions and Orders in Plaintiff's other cases and this case and has found no evidence of "deep-seated favoritism or antagonism." Rather, Title 28 U.S.C. § 1915 *requires* the Court to dismiss in forma pauperis cases that state a frivolous or malicious claim, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28

**ORDER  3**

U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff may not understand that the federal court is a court of limited jurisdiction, and the civil rights action, 42 U.S.C. § 1983, *et seq*., applies only to state actors. The Court has suggested that Plaintiff consult legal counsel to determine whether his claims are cognizable and, if so, in which court a complaint should be filed. Plaintiff has filed many illegible and indecipherable documents, and the Court has required Plaintiff to file neat and legible documents, as is required of all litigants who come to federal court. Some of Plaintiff's cases (including this one) have been dismissed without prejudice because he failed to file an amended complaint or in forma pauperis request within the time frame set by this Court or the Magistrate Court. Again, all litigants are required to follow Court orders, and no bias toward Plaintiff is shown by any of the above actions.

The Court has reviewed Plaintiff's allegation that the Court has "connections and personal relations to Owyhee County," and can think of no connection or personal relation the Court has with anyone in Owyhee County. Plaintiff has failed to set forth any specific person, connection, or relation that the Court has with Owyhee County. Therefore, the Court finds that this allegation is without factual basis.

For all of the reasons set forth above, Plaintiff's Motion for Recusal is denied.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has again requested appointment of counsel in this case. Because Plaintiff's case has been dismissed, this Motion is moot. Because the Complaint was dismissed without prejudice, Plaintiff may submit a new complaint and new motion for

**ORDER 4**

appointment of counsel if he desires, to be filed in a new case.  This particular case has been closed for Plaintiff's failure to follow the previous Court Order.  Plaintiff should be mindful of any statute of limitations issues if he chooses to delay the filing of a new complaint.[1]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Recusal of Judge (Docket No. 25) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 27) is MOOT.

DATED:  **July 16, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[1] The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here).  Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions.  Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

**ORDER  5**